# FELDKAMP v. COAST CITIES COACHES, Inc., et al.

Industrial Commission.

September 14, 1953.

Richard H. M. Swann, Miami, for claimant.

Fowler, White, Gillen, Yancey & Humkey, Miami, for the employer and insurance carrier.

Chairman JAMES T. VOCELLE and Commissioner H. E. WOLFE participated in the disposition of this matter.

## BY THE COMMISSION.

This cause came on to be heard on an application for review of a deputy commissioner's order awarding compensation for 100% permanent disability and also awarding an advance payment of $4,000.

In the opinion of the commission there is substantial competent evidence in the record to support the deputy's finding of 100% disability. It is also our opinion that a partial lump sum payment, as was awarded in this cause, is authorized by the Act.

The deputy commissioner, however, ordered that the advance payment of $4,000 is to be applied toward the *last* payments of compensation due claimant on his permanent total disability. In fairness to the carrier the possibility must be considered that in years to come the claimant's condition may improve and if that should occur the carrier could have possibly expended $4,000 above the amount lawfully required. If, however, the advance payment of $4,000 was to be applied toward the *first* payments of compensation due him the above possibility would be avoided. The claimant should be given the opportunity to elect his method of compensation.

It is therefore ordered that the deputy commissioner's order be affirmed and modified to provide that the sum of $4,000 advance be paid to the claimant, the same to be applied toward the *first* payments of compensation due him on his permanent total disability subject to the 4% statutory discount as provided by the Act.

It is further ordered that the claimant be allowed to elect his manner of compensation. He may elect to take the $4,000 advance as modified by this order or he may elect to accept the usual periodic payments authorized by the Act.

It is further ordered that the employer, by and through its carrier, pay to claimant's attorney the sum of $325, which is a reasonable fee for representing the claimant in this cause before the full commission.